**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IVAN G. CARNEY,

Defendant-Appellant.

No. 05-3047

(D. of Kan.)

(D.C. No. 04-CR-10023-MLB)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge,   **HARTZ** , and **TYMKOVICH** , Circuit Judges. **

A jury found Defendant-Appellant Ivan Carney guilty of two counts of tax

evasion. At sentencing, he moved for a new trial on the basis of newly

discovered evidence. The district court took the testimony of two witnesses

proffered by Carney, found them to lack credibility, and went on to sentence him

to 21-months in prison. Since filing the appeal in this case, Carney's attorney has

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

concluded the appeal raises only frivolous claims and moves to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Having reviewed the record, we GRANT counsel's request to withdraw and DISMISS the appeal.

## Background

In 1997, the Internal Revenue Service (IRS) selected Carney's 1994 income tax return for examination. Carney did not cooperate with investigators, and subsequently his 1995 return was added to the audit, and a criminal investigation began. IRS records reflect that Carney did not file income tax returns for 1997 through 2003.

On July 29, 2004, Carney was charged with two counts of tax evasion. At that time, he sought his Individual Master File (IMF) from the IRS. However, because of the criminal investigation, his request under the Freedom of Information Act (FOIA) was delayed. He was tried on September 28, 2004, and a jury convicted him on both counts.

Although Carney did not get the IMF in time for trial, he did receive a coded version by the date of his sentencing hearing. Relying on this document, Carney argued that he did not have to pay taxes and asked the court to vacate his conviction and grant him a new trial based on the IMF. At sentencing, Carney offered testimony from John Turner, a former IRS revenue officer, who testified that the code MFR-01 meant that Carney was not required to file a 1040 tax form.

Patrick Lynch, a lay witness who analyzed IMFs as a hobby, also testified that the code meant Form 1040 was not required. The government called Leah Switzgood, an IRS employee who testified that MFR referred to a mailing that would be sent based on the prior year's return.

Although the court did not directly respond to Carney's request for a new trial, it implicitly rejected the request by imposing sentence and entering the judgment. Moreover, in a written order, the court made clear how it viewed Carney's evidence:

> Defendant's argument has centered around an entry in the [IMF], which reads "MFR-01." . . . The court totally rejects the testimony of Turner and Lynch as without foundation and plainly incredible. The court also rejects defendant's interpretation of the contents of his Individual Master File entries to the effect that the IRS has determined that he is not required to file returns or pay taxes. Although it took two hearings and several hours to get to the point, the court credits Leah Switzgood's testimony that MFR stands for "mail filing requirements" and identifies the type of tax package the IRS annually mails to a taxpayer based on a preceding year's returns.

(Vol. I, Doc. 115, Pg. 2–3.) Accordingly, the court sentenced Carney to concurrent terms of 21 months on each count, a $50,000 fine, and three years supervised release.

## Analysis

Carney's attorney informs us that he sees no legitimate grounds for appeal and, therefore, asks to withdraw as counsel. In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court set forth the procedure that an appointed attorney

-3-

must follow if he seeks to withdraw from an appeal based on his conclusion that the appeal has no merit:

> [I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses.

*Id.* at 744. Counsel represents that on September 1, 2005, he sent a copy of his brief to Carney. Carney has not raised any additional points.

Ultimately, however, we—not counsel—"decide whether the case is wholly frivolous" after our own "full examination of all the proceedings." *Id.* In this case we are satisfied that Carney cannot raise any nonfrivolous argument on appeal. The only apparent basis for an appeal is the argument that Carney is entitled to a new trial wherein he could offer evidence that he was not required to pay taxes during the years charged in the indictment. "A motion for new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution." *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998) (internal quotation marks and citation omitted). Accordingly, we review such a motion for abuse of discretion. *Id.* To prevail on such a motion, the newly discovered evidence must be "(1) more than impeaching or cumulative, (2) material to the issues involved, (3) such that it would probably produce an

acquittal, and (4) such that it could not have been discovered with reasonable diligence and produced at trial." *Id.*

Counsel acknowledges a legitimate argument can be made that the evidence in this case satisfies three of these four requirements. However, because of the requirement that the evidence "would probably produce an acquittal," we agree with counsel that the IMF would not warrant a new trial. It is true that had the issue gone to a jury, the jury would have been entitled to weigh the credibility of Turner and Lynch's testimony against Switzgood's testimony. However, in considering the impact of this testimony, the district court properly considered the witnesses' credibility. Having "totally reject[ed]" Carney's evidence "as without foundation and plainly incredible," the district court was not obligated to grant him a new trial to test this evidence that was so patently unreliable.

Accordingly, we conclude that the district court did not abuse its discretion in denying Carney's motion for new trial.

## CONCLUSION

For these reasons, we GRANT the motion to withdraw and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge